AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>SUBJECT ACCOUNT (Google User:<br>"ty.desmond@gmail.com") | )<br>)<br>)<br>)<br>)<br>) |

Case No.  MJ23-217

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

The Subject Account as further described in Attachment A, which is attached hereto and incorporated herein by this reference.

located in the _____Western_____ District of _____Washington_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18, U.S.C. § 1001(a)(2)    False Statement | |

The application is based on these facts:

See attached Affidavit continued on the attached sheet.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

HSI Special Agent Audrey Ngadiran
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____e-mail and telephonic_____ *(specify reliable electronic means)*.

Date: _____05/08/2023_____

_____
*Judge's signature*

City and state: Seattle, WA

MICHELLE L. PETERSON, U.S. MAGISTRATE JUDGE
*Printed name and title*

**AFFIDAVIT**

STATE OF WASHINGTON

COUNTY OF KING

ss

I, Audrey Ngadiran, being duly sworn, state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I am a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations (HSI), assigned to the Special Agent in Charge (SAC) Seattle, Washington, field office.  I have been employed as an HSI Special Agent since 2021.  In my capacity as a Special Agent, I am responsible for conducting investigations into the numerous federal laws enforced by HSI.  Since 2022, I have investigated criminal violations relating to child exploitation and child pornography, including violations pertaining to the unlawful production, importation, distribution, receipt, attempted receipt, and possession of child pornography and material involving the sexual exploitation of minors in violation of 18 U.S.C. §§ 2251, 2252(a), and 2252A(a).  I am a graduate of the Federal Law Enforcement Training Center (FLETC), HSI Special Agent Training Program and have received further specialized training in investigating child pornography and child exploitation crimes.  My training included courses in law enforcement techniques, federal criminal statutes, conducting criminal investigations, and the execution of search warrants.  I have participated in the execution of many search warrants which involved child exploitation and/or child pornography offenses and the search and seizure of computers and other digital devices.  I am a member of the Internet Crimes Against Children (ICAC) Task Force in the Western District of Washington, and work with other federal, state, and local law enforcement personnel in the investigation and prosecution of crimes involving the sexual exploitation of children.

2.      I am a member of the Seattle Internet Crimes Against Children (ICAC) Task Force and work with other federal, state, and local law enforcement personnel in the investigation and prosecution of crimes involving the sexual exploitation of children.

**PURPOSE OF AFFIDAVIT**

3.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for search warrants for the following: one (1) Google Pixel 7 Pro in the secure evidence of U.S. Probation for the Western District of WA seized by USPO Officer Lisa Combs from Tyler Desmond and any other electronic storage media found therein the device including SIM cards, hereinafter referred to as the SUBJECT DEVICE.

4.      As set forth below, there is probable cause to believe that the SUBJECT DEVICE will contain or possess evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 1001(a)(2) (False Statement) (hereinafter the "TARGET OFFENSE").  I seek authorization to search and seize the items specified in Attachment B, which is incorporated herein by reference.

5.      The information in this affidavit is based upon the information I received from U.S. Probation, court records, investigation I have conducted, and my conversations with other law enforcement officers and review of their reports who have engaged in various aspects of this investigation.  Because this affidavit is being submitted for the limited purpose of securing search warrants, I have not included each and every fact known to me concerning this investigation.  I have set forth only those facts that I believe are sufficient to establish probable cause to support the issuance of the requested warrants.  When the statements of others are set forth in this affidavit, they are set forth in substance and in part.

6.      This Affidavit is being presented electronically pursuant to Local Criminal Rule CrR 41(d)(3).

AFFIDAVIT OF SPECIAL AGENT NGADIRAN - 2
USAO #2022R01031

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

**INVESTIGATION**

7.      According to the docket for U.S. District Court for the Western District of Washington, case number CR22-188 TL, Tyler John Desmond was indicted by the grand jury on one count of Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2) on November 2, 2022.  Dkt. 1.  On November 10, 2022, Mr. Desmond was arraigned before Magistrate Judge Michelle L. Peterson and was placed on bond, under Pretrial Services supervision and with special conditions.  Dkt. 8.  Magistrate Judge Peterson and Mr. Desmond signed his appearance bond which contained a number of standard and special conditions.  Dkt. 10.  One such condition stated:

> The defendant shall not use, possess or have access to a computer or computer
> components (functional or non-functional), including but not limited to hard
> drives, external storage devices, keyboards, and mouse, at the defendant's
> residence, place of employment, private homes, libraries, schools, or other public
> locations, without prior approval of Pretrial Services.  In addition, the defendant
> shall not use, possess, or have access to PDA's, gaming systems, and Internet
> enabled TV devices, nor access the internet through use of a cellular phone device.
> The defendant shall not access the internet, or private or public computer
> networks, or not have others do so on his/her behalf, without prior approval of
> Pretrial Services.  The defendant hereby consents to U.S. Pretrial Services' use of
> electronic detection devices to evaluate the defendant's access to WiFi (wireless
> fidelity) connections.

Dkt. 10.

8.      According to U.S. Probation (USPO) Officers Lisa Combs and Patrick Robertson, I learned the following.  On or about November 10, 2022, Mr. Desmond disclosed to USPO that he possessed a Google Pixel 7 Pro 13.1 cell phone with a data plan.  He stated that he planned to give this device to his relatives to put in storage in light of the Court's condition against possessing internet capable devices.  They discussed him obtaining and using a talk or text phone incapable of accessing the

internet, and he stated it was his plan to do so.  Officer Combs conducted a home visit on or about December 1, 2022 for a standard check in.  Officer Combs conducted another home visit on or about January 18, 2023 and noticed that Mr. Desmond was acting odd and it took a long time for him to answer the door.  On or about February 28, 2023, Mr. Desmond was submitting to a drug test in Everett, WA pursuant to his Appearance Bond in the above-listed case.  On that date, Officer Combs saw Mr. Desmond in the parking lot of the Everett U.S. Probation Office and inquired whether he had his phone on his person, believing he would have the talk or text phone.  Mr. Desmond stated he "did not have his phone" on him.  Throughout his pretrial supervision, USPO Officer Combs advised and reminded him not to possess internet capable devices and he repeated represented that he did not have any such devices.

9.      Further USPO advised the following.  On or about March 9, 2023, Officer Combs conducted another home visit and asked Mr. Desmond to show her his phone.  He showed her the Google Pixel 7 Pro.  Officer Combs noticed there were email on the phone.  USPO Officer Combs asserted to Mr. Desmond that if he was receiving emails on the phone, then it must have internet connectivity.  Mr. Desmond did not deny that it had internet capability but claimed he did not use it.  Mr. Desmond claimed that he receives emails when he enters areas where there are hotspots when he is out in the world, indicating he had also left the house with this device.  Accordingly, Officer Combs concluded that the device does in fact have internet connectivity and is an internet-capable device, which Mr. Desmond is prohibited from possessing.  Officer Combs seized the Google Pixel 7 Pro cell phone and stored it in the secure evidence of U.S. Probation in Seattle, Washington.  When she told Mr. Desmond the device was being seized, he asked to get some phone numbers off the Pixel.  Officer Combs provided the following image of the Google Pixel 7 Pro she seized from Mr. Desmond:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17



18    10.    According to Mr. Desmond's Linkedin profile, he is a software engineer

19    with approximately 10 years of experience.  His resume is indicative of a person with

20    technological savvy, particular around the issue of understanding what devices have

21    internet capabilities.

22    11.    On April 18, 2023 I submitted a summons to Google inquiring about what

23    Google accounts were linked to the above Google Pixel 7 device by providing the phone

24    number, make and model, serial number, and various other identifiers of the above

25    device.  On May 2, 2023, Google responded that the device was connected to the email

26    account TY.DESMOND@GMAIL.COM and having a recovery email of

27    ty.desmond1984@gmail.com.  The summons return also indicated that the

28    ty.desmond@gmail.com account was accessed via various IP addresses 369 times

AFFIDAVIT OF SPECIAL AGENT NGADIRAN - 5
USAO #2022R01031

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1   between Mr. Desmond's arraignment on November 10, 2023 and March 10, 2023 when it

2   was placed in airplane mode by law enforcement.  The Google Account ID was listed as

3   412022732063.

4

5                    **BACKGROUND CONCERNING GOOGLE**[1]

6          12.    Google is a United States company that offers to the public through its

7   Google Accounts a variety of online services, including email, cloud storage, digital

8   payments, and productivity applications, which can be accessed through a web browser

9   or mobile applications. Google also offers to anyone, whether or not they have a Google

10  Account, a free web browser called Google Chrome, a free search engine called Google

11  Search, a free video streaming site called YouTube, a free mapping service called Google

12  Maps, and a free traffic tracking service called Waze. Many of these free services offer

13  additional functionality if the user signs into their Google Account.

14         13.    In addition, Google offers an operating system ("OS") for mobile devices,

15  including cellular phones, known as Android. Google also sells devices, including

16  laptops, mobile phones, tablets, smart speakers, security cameras, and wireless routers.

17  Users of Android and Google devices are prompted to connect their device to a Google

18  Account when they first turn on the device, and a Google Account is required for certain

19  functionalities on these devices.

20         14.    Signing up for a Google Account automatically generates an email address

21  at the domain gmail.com. That email address will be the log-in username for access to the

22  Google Account.

23         15.    Google advertises its services as "One Account. All of Google working for

24  you." Once logged into a Google Account, a user can connect to Google's full suite of

25  services offered to the general public, described in further detail below. In addition,

26

27  ───────────────
    [1]      The information in this section is based on information published by Google on its public websites,
28  including, but not limited to, the following webpages:  the "Google legal policy and products" page available to
    registered law enforcement at lers.google.com; product pages on support.google.com; or product pages on
    about.google.com.

AFFIDAVIT OF SPECIAL AGENT NGADIRAN - 6                              UNITED STATES ATTORNEY
USAO #2022R01031                                                       700 Stewart Street, Suite 5220
                                                                     Seattle, Washington 98101-1271
                                                                            (206) 553-7970

1  Google keeps certain records indicating ownership and usage of the Google Account
2  across services, described further after the description of services below.

3      16.     Google integrates its various services to make it easier for Google Accounts
4  to access the full Google suite of services. For example, users accessing their Google
5  Account through their browser can toggle between Google Services via a toolbar
6  displayed on the top of most Google service pages, including Gmail and Drive. Google
7  Hangout, Meet, and Chat conversations pop up within the same browser window as
8  Gmail. Attachments in Gmail are displayed with a button that allows the user to save the
9  attachment directly to Google Drive. If someone shares a document with a Google
10  Account user in Google Docs, the contact information for that individual will be saved in
11  the user's Google Contacts. Google Voice voicemail transcripts and missed call
12  notifications can be sent to a user's Gmail account. And if a user logs into their Google
13  Account on the Chrome browser, their subsequent Chrome browser and Google Search
14  activity is associated with that Google Account, depending on user settings.

15      17.     When individuals register with Google for a Google Account, Google asks
16  users to provide certain personal identifying information, including the user's full name,
17  telephone number, birthday, and gender. If a user is paying for services, the user must
18  also provide a physical address and means and source of payment.

19      18.     Google typically retains and can provide certain transactional information
20  about the creation and use of each account on its system. Google captures the date on
21  which the account was created, the length of service, log-in times and durations, the types
22  of services utilized by the Google Account, the status of the account (including whether
23  the account is inactive or closed), the methods used to connect to the account (such as
24  logging into the account via Google's website or using a mobile application), details
25  about the devices used to access the account, and other log files that reflect usage of the
26  account. In addition, Google keeps records of the Internet Protocol ("IP") addresses used
27  to register the account and accept Google's terms of service, as well as the IP addresses
28  associated with particular logins to the account. Because every device that connects to the

AFFIDAVIT OF SPECIAL AGENT NGADIRAN - 7
USAO #2022R01031

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  Internet must use an IP address, IP address information can help to identify which
2  computers or other devices were used to access the Google Account.

3       19.    Google maintains the communications, files, and associated records for
4  each service used by a Google Account on servers under its control. Even after a user
5  deletes a communication or file from their Google Account, it may continue to be
6  available on Google's servers for a certain period of time.

7       20.    In my training and experience, evidence of who was using a Google
8  account and from where, and evidence related to criminal activity of the kind described
9  above, may be found in the files and records described above.  This evidence may
10 establish the "who, what, why, when, where, and how" of the criminal conduct under
11 investigation, thus enabling the United States to establish and prove each element or,
12 alternatively, to exclude the innocent from further suspicion.  Because Mr. Desmond
13 indicated that he was not using the internet during this time, evidence of internet use of
14 his account will constitute evidence of this crime.

15      21.    Based on my training and experience, messages, emails, voicemails,
16 photos, videos, documents, and internet searches are often created and used in
17 furtherance of criminal activity, including to communicate and facilitate the offenses
18 under investigation.  Thus, stored communications and files connected to a Google
19 Account may provide direct evidence of the offenses under investigation.

20      22.    In addition, the user's account activity, logs, stored electronic
21 communications, and other data retained by Google can indicate who has used or
22 controlled the account.  This "user attribution" evidence is analogous to the search for
23 "indicia of occupancy" while executing a search warrant at a residence.  For example,
24 subscriber information, email and messaging logs, documents, and photos and videos
25 (and the data associated with the foregoing, such as geo-location, date and time) may be
26 evidence of who used or controlled the account at a relevant time.  As an example,
27 because every device has unique hardware and software identifiers, and because every
28 device that connects to the Internet must use an IP address, IP address and device

AFFIDAVIT OF SPECIAL AGENT NGADIRAN - 8
USAO #2022R01031

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

identifier information can help to identify which computers or other devices were used to access the account.  Such information also allows investigators to understand the geographic and chronological context of access, use, and events relating to the crime under investigation.

23.     Account activity may also provide relevant insight into the account owner's state of mind as it relates to the offenses under investigation.  For example, information on the account may indicate the owner's motive and intent to commit a crime (*e.g.,* information indicating a plan to commit a crime), or consciousness of guilt (*e.g.,* deleting account information in an effort to conceal evidence from law enforcement).

24.     Other information connected to the use of a Google account may lead to the discovery of additional evidence.  For example, the apps downloaded from the Google Play store may reveal services used in furtherance of the crimes under investigation or services used to communicate with co-conspirators.

25.     Therefore, Google's servers are likely to contain stored electronic communications and information concerning subscribers and their use of Google services.  In my training and experience, such information may constitute evidence of the crimes under investigation including information that can be used to identify the account's user or users.

AFFIDAVIT OF SPECIAL AGENT NGADIRAN - 9
USAO #2022R01031

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## CONCLUSION

12.     Based on the forgoing, I request that the Court issue the proposed search warrant.  This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A).  Specifically, the Court is "a district court of the United States . . . that - has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).  Pursuant to 18 U.S.C. § 2703(g), the government will execute this warrant by serving the warrant on Google.  Because the warrant will be served on Google who will then compile the requested records and data, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.  Accordingly, by this Affidavit and Warrant, I seek authority for the government to search all of the items specified in Section I, Attachment B (attached hereto and incorporated by reference herein) to the Warrant, and specifically to seize all of the data, documents and records that are identified in Section II to that same Attachment.

AUDREY NGADIRAN
Special Agent
Homeland Security Investigations

The above-named agent provided a sworn statement attesting to the truth of the contents of the foregoing affidavit on this 8th day of May, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

AFFIDAVIT OF SPECIAL AGENT NGADIRAN - 10
USAO #2022R01031

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970